1 | Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
2 | Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
3 | Cornwell Brady & Baldwin
4 | 1017 East Grand Avenue
Escondido, CA 92025
5 | (760) 747-1100 tel
6 | (760) 747-1188 fax

7 |
Attorneys for Plaintiffs,
8 | GCIU-Employer Retirement Fund and
Board of Trustees of the
9 | GCIU-Employer Retirement Fund

10 |

11 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12 |

13 | GCIU-EMPLOYER RETIREMENT ) CASE NO. 2:15-CV-8692
FUND AND BOARD OF TRUSTEES )
14 | OF THE GCIU-EMPLOYER ) **COMPLAINT**
RETIREMENT FUND )
15 | )
) Collection of Withdrawal Liability
16 | Plaintiffs, ) pursuant to ERISA § 4221(b)(1) (29
v. ) U.S.C. § 1401(b)(1))
17 | )
)
18 | NORPAK CORPORATION, a )
Delaware Corporation; D.S.C. OF )
19 | NEWARK ENTERPRISES, INC., a )
20 | Delaware Corporation )
)
21 | Defendants. )
22 | )
)
23 | )
)
24 | )
)
25 | )

26 |

27 |

28 |

1

COMPLAINT

## COMPLAINT

Plaintiffs, GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, for causes of action against Defendants, Norpak Corporation and D.S.C. of Newark Enterprises, Inc., allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and attorneys fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan, which action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.*

2. This court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the GCIU-Employer Retirement Fund ("Fund") is administered at its principal place of business in City of Industry, California.

## PARTIES

4. Plaintiff Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of § 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of §§ 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Board of Trustees administers the Fund at 13191 Crossroads Parkway North, Suite 205, City of Industry, California 91746-3434.

6. Pursuant to §§ 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability. The Fund is also authorized to bring this action in its own name

2

pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund. A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

7.  Defendant Norpak Corporation ("Norpak") is a corporation organized under the laws of the State of Delaware and conducting business in the states of New Jersey and Florida.

8.  Defendant D.S.C. of Newark Enterprises, Inc. ("D.S.C.") is a corporation organized under the laws of the State of Delaware and conducting business in the states of New Jersey and Florida.

9.  At all times relevant to this action, Defendants have been an "employer" as the term is defined by § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

10. Defendant D.S.C. has the same principals and operates from the same location as Defendant Norpak.

11. All Defendants constitute a control group under 26 C.F.R. § 1.1563-1(a)(1). As a result, Defendant D.S.C. is jointly and severally liable for Defendant Norpak's withdrawal liability pursuant to ERISA § 4001(b)(1), 29 U.S.C. 1301(b)(1).

## CLAIM FOR RELIEF
(Default on Payment Obligation for Withdrawal Liability)

12. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. During all relevant times, Defendant Norpak was bound by a subscription agreement with the Plaintiff Fund under which it was required to make contributions to the Fund on behalf of its employees. A true and correct copy of the subscription agreement is attached hereto as Exhibit 2.

14. Defendant Norpak's obligation to contribute to the Plaintiff Fund ceased in 2013 because Defendant withdrew from participation in the Plaintiff Fund.

15. As a result, the Fund provided Defendant with a Notice of Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") dated August 26, 2014, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the withdrawal liability attributable to Defendant was $184,744. The Notice and Demand included a detailed calculation of how the amount of the withdrawal liability assessment was calculated by the actuary. A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

16. The Notice and Demand also provided Norpak with a payment schedule for the withdrawal liability assessment in accordance with the requirements of ERISA § 4219(c), 29 U.S.C. § 1399(c). A copy of the payment schedule is labeled as exhibit 1 of Exhibit 3 attached hereto.

17. Defendant Norpak failed to exercise its rights under § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), to ask the Trustees/plan sponsor to review the assessment, to identify any inaccuracies in the determination of the amount of the assessment, or to furnish any additional information to the Trustees/plan sponsor.

18. On March 17, 2015, the Fund provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Defendant Norpak in accordance with § 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

19. Subsequently, Defendant Norpak did not timely initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Fund are due and owing pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

20. ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), provides that all trades and businesses operated under common control are considered a single entity and thus are jointly and severally liable for each other's withdrawal liability.

21. The term "business under common control" is defined by 26 U.S.C. § 414(c), which in turn defines common control according to 26 U.S.C. § 1563(a) and 26 C.F.R. § 1.1563-1(a)(1).

22. Defendants have the same principals, same addresses, and same agent for service.

23. Defendant D.S.C. is jointly and severally liable for payment of the required withdrawal liability as a member of a control group with Defendant Norpak.

24. Defendants have failed to make the required withdrawal liability payment(s) to the Fund and thus are in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

WHEREFORE, Plaintiffs request the following relief:

A judgment against Defendants, and on behalf of Plaintiffs, pursuant to § 4301(b) of ERISA, 29 U.S.C. § 1451(b), for:

    (i) the past due withdrawal liability payment of $184,744;

    (ii) interest at the prevailing market rate pursuant to § 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), on the total amount of unpaid withdrawal liability due and owing from January 1, 2014 until paid;

    (iii) Plaintiffs' reasonable attorneys' fees and costs of the action; and

    (iv) such other legal and equitable relief as the Court deems appropriate.

Dated: November 6, 2015         /s/ Kerry K. Fennelly
Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell Brady & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com
Attorneys for Plaintiffs